P:\CRIMINAL\OPENCRIM\Coxon, Joseph\CivilLitigation\Pleading\Caption01.wpd
RFD/lmm  December 4, 2006

# IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **Joseph C. Coxon**<br>2260 Par Lane<br>Willoughby Hills, Ohio  44094<br><br>Plaintiff<br><br>v.<br><br>**City of Mentor**<br>c/o City of Mentor Law Director<br>8500 Civic Center Boulevard<br>Mentor, Ohio  44060<br><br>and<br><br>**Richard A. Hennig, Individually and as Mentor Law Director**<br>8500 Civic Center Boulevard<br>Mentor, Ohio  44060<br><br>and<br><br>**Joseph P. Szeman, Individually and as Assistant Mentor Law Director**<br>8500 Civic Center Boulevard<br>Mentor, Ohio  44060<br><br>and<br><br>**Daniel W. Llewellyn, Individually and as Mentor Chief of Police**<br>8500 Civic Center Boulevard<br>Mentor, Ohio  44060<br><br>and | CASE NO:_____<br><br>JUDGE:_____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§ 1983, 1985 AND PENDENT STATE LAW CLAIMS**<br><br>*(Jury Demand Endorsed Hereon)* |

| | |
|---|---|
| **Officer John Miller (ID#344),** | } |
| **Individually and as a Police Officer for** | } |
| **the City of Mentor** | } |
| 8500 Civic Center Boulevard | } |
| Mentor, Ohio  44060 | } |
| | } |
| and | } |
| | } |
| **Officer Daniel Shaw (ID#409),** | } |
| **Individually and as a Police Officer for** | } |
| **the City of Mentor** | } |
| 8500 Civic Center Boulevard | } |
| Mentor, Ohio  44060 | } |
| | } |
| and | } |
| | } |
| **Officer Phillip Croucher (ID#317),** | } |
| **Individually and as a Police Officer for** | } |
| **the City of Mentor** | } |
| 8500 Civic Center Boulevard | } |
| Mentor, Ohio  44060 | } |
| | } |
| and | } |
| | } |
| **John Doe Nos. 1-5, Individually and in** | } |
| **Their Official Capacity as Police** | } |
| **Officers/Supervisors With the City of** | } |
| **Mentor, Whose Exact Identities Cannot** | } |
| **Be Ascertained at the Present Time** | } |
| | } |
| Defendants | } |

## INTRODUCTION

1.  In the above-captioned action, Mr. Coxon alleges that the conduct, policies acts, and failures to act of the Defendants deprived him of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, § 10 of the Ohio Constitution. Plaintiff also asserts pendent state law claims sounding under tort law in the State of Ohio.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201. This Court has supplemental jurisdiction over Mr. Coxon's state law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this District pursuant to 28 U.S.C. §1391 because all Defendants reside in this District.

## PARTIES

3. Plaintiff, Joseph C. Coxon, is a natural person who has at all times relevant to this action is a citizen of the United States and resident of Willoughby Hills, in Lake County, Ohio.

4. Defendant City of Mentor is a municipal corporation located in the county of Lake, State of Ohio, and at all times relevant to this action has employed the Defendants named herein, and has for its address 8500 Civic Center Blvd., City of Mentor, County of Lake, State of Ohio, and with a postal zip code of 44060.

5. Defendant Llewellyn at all times relevant to this action was employed as Chief of Police for Defendant City of Mentor.

6. Defendant Hennig at all times relevant to this action was employed as Law Director for Defendant City of Mentor.

7. Defendant Szeman at all times relevant to this action was employed as assistant Law Director for Defendant City of Mentor.

8. Defendant officer Miller at all times relevant to this action was employed as a police officer/patrolman for Defendant City of Mentor.

9. Defendant officer Shaw who all times relevant to this action was employed as a police officer/patrolman for Defendant City of Mentor.

10. Defendant officer Croucher at all times relevant to this action was employed as a police officer/patrolman for Defendant City of Mentor.

11. At all times relevant hereto, Defendant John Does 1-10 are believed to be supervisors, police officers and/or other administrative and/or police department and/or other employees of Defendant City of Mentor.

12. At all times relevant hereto, Defendants acted in the course and within the scope of their employment. Redress is being sought from Defendants in their official and individual capacities, and it is further alleged that all Defendants were acting under color of law and/or pursuant to the policies, customs and/or usages of the City of Mentor.

**FACTS**

13. Paragraphs 1-12 are incorporated as if fully rewritten herein.

14. On September 2, 2004, at approximately 3:40pm Mr. Coxon collided head-on with a vehicle that was stopped, east bound, in the center "turn only" lane of Mentor Ave. Defendant officer Shaw was first on scene, and he noted Mr. Coxon was leaning over on his right side, appeared to be sleeping, and when Defendant Shaw tapped Mr. Coxon on the shoulder, Mr. Coxon jumped up. Despite finding Mr. Coxon in an unconscious and/or semi-conscious and/or confused state, Defendant Shaw failed to contact emergency medical personnel.

15. Defendant Miller was the second Mentor police officer to arrive on scene. Although Defendant Shaw admitted to Miller that he did not know what was wrong with Mr. Coxon, Defendant Miller failed to contact medical personnel. Instead, recklessly and in contravention of generally accepted police practices and/or tactics, both officers forcibly removed Mr. Coxon

3

from his vehicle, with Defendant Miller at one point drawing his loaded weapon on Mr. Coxon. Together, Defendants Miller, Shaw, and Croucher (who likewise failed to contact emergency personnel on arrival) used force that was excessive, reckless, and unlawful.

16. Eventually other officers at the scene determined Mr. Coxon needed medical care, and so he was removed in custody to Lake West Hospital for his injuries. The clinical impression and diagnosis of the treating physician was that Mr. Coxon had suffered from hypoglycemia brought about by Diabetes which caused a transient altered mental status.

17. At the hospital, Mr. Coxon underwent urinalysis testing to screen for alcohol and drugs. The lab report came back negative for illegal substances.  The treating physician told the officers holding Mr. Coxon that Mr. Coxon's behavior was related to hypoglycemia brought about by Diabetes.

18. On September 3, 2004, Defendants brought criminal charges against Mr. Coxon. On November 29, 2004, Defendant City of Mentor by and through the Prosecutor for the City of Mentor dismissed the charges against Mr. Coxon. There was no plea bargain.

19. Following the dismissal of the initial case against Mr. Coxon, Defendants Hennig and Szeman participated in the preliminary gathering of evidence; and/or they actually advised and/or organized and/or consulted with Defendant police officers, and/or members of City Council for the City of Mentor, and/or Defendant Chief Llewellyn during an investigation and investigatory period which followed the first prosecution of Mr. Coxon.

20. Upon information and belief, on April 20, 2005, in furtherance of said investigation, and/or at the direction, and/or guidance and/or with full knowledge of Defendants Hennig and/or Szeman who were acting as investigators and/or advisors to the police, Defendants Miller and Chief Llewellyn attended a meeting with Doctor Martin L. Mandel, who is board certified in

4

internal medicine and endocrinology. Dr. Mandel advised Defendants Miller and Chief Llewellyn that Mr. Coxon's behavior was the result of hypoglycemia brought on by Diabetes.

21.   On information and belief, Defendant Llewellyn and/or Defendant Hennig and/or Defendant Szeman and/or John Doe Defendants 1-10 met with members of City council and consulted with and/or delegated to City Council the decision to prosecute Mr. Coxon; said course of action approved the prosecution of Mr. Coxon and established the City's decision as final policy on the subject.

22.   On July 20, 2005, Defendant City of Mentor re-instituted criminal proceedings against Mr. Coxon in connection with the traffic accident that occurred on Thursday, September 2, 2004.

23.   On or about July 20, 2005, Defendants Hennig and Szeman removed the City Prosecutor from the prosecution of Mr. Coxon, and Defendants Hennig and Szeman took over the prosecution for the City of Mentor. At all times relevant thereto, Defendants intentionally hid the facts regarding the April 20, 2005, meeting with Dr. Mandel.

24.   On December 2, 2005, the second prosecution of Mr. Coxon was dismissed. There was no plea bargain.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

25.   Paragraphs 1-24 are incorporated as if fully re-written herein.

26.   Defendants actions were performed under color of law and deprived Mr. Coxon of a federally protected right, in contravention of Title 42 U.S.C. 1983.

27.   Defendants' actions as described herein deprived Mr. Coxon his right to be free from unlawful restraint, right to be free of deprivation of liberty without due process of law, right to be free of unreasonable searches and seizures by the use of force in violation of the Fourth and

5

Fourteenth Amendments of the United States Constitution, as well as Article I § 10 of the Ohio State Constitution and laws and statutes of Ohio.

28. At all times relevant hereto, the conduct of the individual Defendants as described above was done intentionally, and/or maliciously and/or in a gross, wanton, unreasonable, and/or reckless manner, and/or with indifference to and deliberate disregard for the constitutional rights and safety of Plaintiff.

29. As a direct and proximate result of the misconduct of Defendants, as aforesaid, Plaintiff, Mr. Coxon, suffered damages as set forth in this Complaint.

## SECOND CLAIM OF RELIEF
### (Governmental Liability)

30. Paragraphs 1-29 are incorporated as if fully re-written herein.

31. Defendant City of Mentor has never disciplined any of the individual Defendants for their unwarranted, and unjustified treatment of Mr. Coxon. In addition, the City has failed to train police officers with respect to the constitutional limits of the use of force, as well as their constitutional limits with respect to the investigation of traffic accidents and the handling and/or detention of citizens involved in traffic accidents and/or undergoing medical emergencies.

32. The conduct of Defendant City of Mentor, as aforesaid was the proximate cause of Mr. Coxon's injury and constitutional violations as set forth in this Complaint, and Mr. Coxon has been damaged.

## THIRD CLAIM FOR RELIEF
### (Malicious Prosecution)

33. Paragraphs 1-32 are incorporated as if fully re-written herein.

34. On or about September 3, 2004, Defendants instituted criminal proceedings against Mr. Coxon; at all times, the prosecution of Mr. Coxon was done with malice, at all times said

6

prosecution lacked probable cause; said prosecution terminated in Plaintiff's favor without a plea agreement on November 29, 2004; and said prosecution caused Mr. Coxon damage.

35. On or about July 20, 2005, Defendants instituted criminal proceedings against Mr. Coxon; at all times, the prosecution of Mr. Coxon was done with malice, at all times said prosecution lacked probable cause; said prosecution terminated in Plaintiff's favor without a plea agreement on December 2, 2005; and said prosecution caused Mr. Coxon damage.

### FOURTH CLAIM FOR RELIEF
### (Abuse of Process)

36. Paragraphs 1-35 are incorporated as if fully re-written herein.

37. On or about September 3, 2004, Defendants instituted criminal proceedings that lacked probable cause against Mr. Coxon; at all times, the prosecution of Mr. Coxon was done for an ulterior purpose; accordingly the proceedings against Mr. Coxon were perverted; and said prosecution caused Mr. Coxon damage.

38. The actions of Defendants, and/or John Doe Defendants 1-10, as set forth above constitute an abuse of process that has denied Mr. Coxon his rights under the Fourth and Fourteenth Amendments to the United States Constitution: i.e., on July 20, 2005, Defendants again instituted criminal proceedings that lacked probable cause against Mr. Coxon; at all times, the prosecution of Mr. Coxon was done for an ulterior purpose; accordingly the proceedings against Mr. Coxon were perverted; and said prosecution caused Mr. Coxon damage.

### FIFTH CLAIM FOR RELIEF
### (Prosecutorial Liability)

39. Paragraphs 1-38 are incorporated as if fully re-written herein.

40. Prior to the filing of the second prosecution, Defendant Hennig and Defendant Szeman's actions as aforesaid were not advocacy. Said actions occurred at a time when Defendant

Hennig's and Defendant Szeman's role as advocate in this litigation had not yet begun, and/or, at a time when no post conviction motions, appeal, or other court proceedings were pending; nor were said actions intimately associated with the judicial phase of the criminal process. Thus they engaged in investigatory vindictive conduct that was unrelated to the judicial function of a prosecutor.

## SIXTH CLAIM FOR RELIEF
### (Assault & Battery)

41. Paragraphs 1-40 are incorporated as if fully re-written herein.

42. The actions of Defendants Shaw, Miller and Croucher, as set forth above, constitute an unjustified intentional harmful touching of Mr. Coxon which caused Mr. Coxon damages.

43. The actions of Defendants, as set forth above, were done intentionally and created an apprehension in the mind of Mr. Coxon of immediate physical harm by means of an overt gesture, including but not limited to, pointing a gun at Mr. Coxon, thereby causing him damages.

## SEVENTH CLAIM FOR RELIEF
### (Gross Negligence & Reckless Conduct)

44. Paragraphs 1-43 are incorporated as if fully re-written herein.

45. At all times relevant hereto, Defendants failed to exercise due care and acted wantonly, recklessly, and with heedless indifference to the safety and constitutional rights of Mr. Coxon, while engaged in police functions and activities.

46. Such reckless, wanton, and willful conduct proximately caused Mr. Coxon harm.

47. As a direct and proximate result of the misconduct of Defendants, as set forth above, Mr. Coxon has been injured and has suffered damages as set forth in this Complaint.

## EIGHTH CLAIM FOR RELIEF
### (Conspiracy to Violate Civil Rights, 42 U.S.C. § 1985)

48. Paragraphs 1-47 are incorporated as if fully re-written herein.

8

49. For the purpose of depriving Mr. Coxon equal protection under the law, Defendants Hennig, and/or Szeman, and/or Llewellyn, and/or Miller, and/or Shaw, and and/or Croucher, and/or Defendant John Does 1-10, personally participated, as aforesaid, in the unlawful treatment of Mr. Coxon, as aforesaid; and/or acted jointly and in concert with other defendants who participated or acquiesced in the unlawful treatment of Mr. Coxon; and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful treatment of Mr. Coxon; and/or condoned the unlawful treatment of Mr. Coxon.

## DAMAGES

50. As a direct and proximate result of Defendants' actions, as set forth in Paragraphs 1- 49 above, Mr. Coxon has been damaged, including but not limited to: intense physical pain, mental pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self esteem, depression, mental and emotional distress, extreme fear, anxiety, loss of sense of personal safety and dignity, as well as medical bills and legal fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, for:

A. Compensatory and consequential damages in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

B. Punitive damages in an amount to be determined at trial, for the willful and malicious conduct of Defendants;

C. Equitable relief, including, without limitation, that Defendant City of Mentor be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

    D.    Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

    E.    Any and all other relief that this Court deems equitable, just and proper.

## JURY DEMAND

Plaintiff requests a jury trial in this matter.

> BY: s/ *Robert F. DiCello*
> Robert J. DiCello Co., L.P.A.
> 7556 Mentor Ave.
> Mentor, Ohio 44060
> Telephone: (440) 953-8888
> Facsimile: (440) 953-9138
> E-mail:  rfdicello@dicellolaw.com
>
> BY: s/ *Gordon S. Friedman*
> Gilbert & Friedman
> 1370 Ontario Street, Suite 1700
> Cleveland Oho, 44113-1726
> Telephone: (216) 241-1430
> Facsimile: (216) 621-0427
> E-mail:  gorlaw@f-glaw.com
>
> Attorneys For Plaintiff

DATED: December 4, 2006